Nunn v. Peak, &c.

obstante verdicto, and to enter a judgment in favor of the defendant dismissing the petition.

CASE 53.—AJTION BY EUGENE NUNN AGAINST J. N. PEAK AND OTHERS TO VACATE A DEED BY A TRUSTEE UNDER A WILL.—November 17.

## Nunn v. Peak, &c.

Appeal from Metcalf Circuit Court.

H. C. Bak⸱⸱⸱⸱, Circuit Judge.

From the judgment plaintiff appeals.—Affirmed.

1. Trusts—Sales by Trustee—Rights of Purchaser.—A purchaser of trust property who is not connected in any way with the trust, and who deals with the trustee at arms' length, in the absence of fraudulent collusion with the trustee, has a right to purchase as cheap as he can, unless the difference between the actual value and the price paid is so great as to raise the presumption of fraud.

2. Champerty and Maintenance—Sale of Land Held Adversely.—Where a person living on and actually cultivating a farm held by a trustee under a will was in possession under the will which created the trust and invested with power to sell, his possession was not adverse to the trustee, but he was her tenant, and a sale of the land by the trustee under a power in the will was not champertous.

3. Trusts—Construction—Right of Beneficiaries to Terminate—Active Trusts.—Where a testator gave land to a trustee with the sole right to sell at any time she chose, the proceeds to be invested for or used for the benefit of testator's children, the trust was an active executory one, demanding the constant attention of the trustee and not a simple or dry trust, and there being no time fixed for the ending of the trust

during the trustee's life, it could not be limited or ended at the desire of the beneficiaries after coming of age.

ALLEN SANDIDGE for appellant.

PORTER & SANDIDGE of counsel.

### POINTS AND AUTHORITIES.

The demurrer to plaintiff's petition, as amended, should have been overruled:

1. Because the attempted sale of the land' in controversy by the appellee, Esther Nunn, to the appellee, J. N. Peak, was a fraud upon the rights of the appellant, Eugene Nunn, and the petition sufficinetly charges the fraud. (Underhill on Trusts, 4th Ed., Art. 74, p. 462; Same Author, Art. 75, p. 465; Same Author, Art. 80, p. 485; Same author, Art. 82, p. 491; Merchants & Manufacturers Nat'l Bank v. Ohio Valley Furniture Co., 70 L. R. A., 313.)

2. Because said sale and conveyance was in violation of the champerty statutes. (Ky. Stats., 210, 212; Krauth, etc. v. Hahn, etc., 23 Ky. Law Rep., 1261; Keaton v. Sublett, 22 Ky. Law Rep., 631; Shaw v. Revel, etc. 21 Ky. Law Rep., 348; Mayes v. Kenton, 23 Ky. Law Rep., 1052.)

J. R. BEAUCHAMP for appellant.

The appellant Eugene Nunn contends that under the third clause of the will of J. R. Nunn, his father, that the lands directed to be sold by Esther Nunn was set apart, and ordered to be sold, expressly for the raising and education of his children, and that when they were raised to the age of twenty-one years and educated that the power of Esther Nunn—to sell and convey— ceased and became null and void, and 'that the children could resist and prevent the execution of the power to sell and convey.

2. That' this appellant was in the actual adverse possession of the 243 acre tract, living upon and occupying same as a home and had lived· upon and occupied same as a home, adversely for more than fifteen years prior to the attempted sale and convey· ance and that said sale and conveyance is champortous and void for that reason.

3. That the third clause of the will of J. R. Nunn would be and is within the statute of perpetuities.

BAIRD & RICHARDSON for appellee.

Nunn v. Peak, &c.

## SUMMARY.

1. No time is fixed in the will and there is nothing in it to indicate that the testator intended that the wife should have the power to sell and convey only until his children arrived at twenty-one. An allegation and proof that he only intended for her to have this power of sale until all of his children arrived at twenty-one, cannot be interposed to deprive her of the power of sale at any time during her life or widowhood.

2. This court has often held that where property is willed to a lunatic with the power of management and control and sale and conveyance vested by the same in a trustee, such trustee cannot be deprived of his powers under the will upon an allegation and proof that the lunatic has been restored to his mind and so adjudged to be by a court of competent jurisdiction, and that the testator only intended to vest the trustee with such powers during the time the lunatic was incapable of managing the property devised. The property cannot, upon such an allegation and proof, thereby be taken out of the hands of the trustee so empowered by the will, and placed in the possession and under the management and control of the devisee with power in him to sell and convey the devised property. (Carpenter v. Carpenter's Trustee, 27 Ky. Law Rep., 206.)

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

On the 27th day of July, 1901, James R. Nunn died at his residence in Metcalfe county, Ky., leaving a last will and testament which was duly probated by the county court. The will is as follows:

"Whereas, I, James R. Nunn, of Metcalfe county, Kentucky, do hereby make and constitute this my last will and testament, hereby revoking all former wills, which is in manner and form as follows, viz.:

"First. I desire that after my death that my burial and funeral expenses be paid out of my personal estate or cash on hand.

"Sesond. I will and bequeath to my wife, Esther Nunn, the homestead tract that we now occupy, known

as the Old J. W. Nunn Homestead Tract, and the same that was allotted to me in the division of my father's estate; also all other lands adjoining the homestead tract that I may own at my death, to use, occupy and control; also all my personal estate owned by me at my death shall be used and controlled by the said Esther Nunn as she sees fit so long as she remains my widow, and in the event she should marry again and cease to be my widow, then she is to vacate said homestead and give it up to my children to be used and occupied by them and for their use and benefit, and in the event she should marry again she shall retain out of the personal property one horse and cow and a reasonable portion of the household property and turn the remainder over to my children to be used by them for their benefit.

"Third. I will and devise that all the balance of the real estate owned by me at my death be sold by my wife Esther Nunn at any time she may choose if she sees proper to do so by giving her the sole right to convey the same and also empower her to reinvest the proceeds of the sale of said lands in other lands adjoining the homestead now occupied by us, or to invest the proceeds in United States bonds, or deposit the same in bank, or to loan the same at interest that will be a safe investment for the benefit of my children, and shall not use the proceeds of the sale of said land in any way for any purpose except as above stated except what may be necessary to be used for the education and of the raising of the children, and in the event there is no sale made of the above mentioned land, my wife Esther Nunn is to have full power to control and rent the same publicly or privately as she may see fit until a sale is effected.

"It is further understood that the said Esther Nunn

will have the power to sell a part of the whole of said lands or to sell each tract separately as she may see fit.

"Fourth. I will and desire that the administrator of my father's estate, also the executor of my mother's estate, will also pay over to my said wife my entire interest that may be coming to me from her estate, both of said interests to be held by my wife, Esther Nunn, for the benefit of my children and the amount to be put at interest in some safe investment as my wife may see proper to do so.

"Fifth. And lastly I hereby appoint my wife, Esther Nunn, my sole executrix of this my last will and testament, and that she be allowed to administer my estate under this will without being required to give bond.

"Given under my hand this the 2nd day of March, 1891.

"(Signed) James R. Nunn."

The land involved in this litigation is a part of the trust fund established by the third paragraph of the foregoing will. Just prior to the institution of this action in 1907 the trustee under the will, Mrs. Esther Nunn, sold the land in dispute to J. N. Peake for the sum of $5,000, and executed and delivered to him a conveyance therefor. Thereupon the appellant, Eugene Nunn, instituted this action to vacate the deed by which the land was conveyed by the trustee to appellee Peak. In the petition, as amended, there are many things alleged with reference to the trustee's management of the trust fund which have no bearing upon the issues before us. Much of this consists of allegations of the mismanagement of the trust fund, as well as misapplication of it. The allegations with which appellee Peak is concerned are, first, that the trustee sold

him a farm for $5,000, when in reality it was worth $7,000; second, that the appellant, who was one of the cestuis que trustent under the will, was in the posses sion of the farm, residing upon it as a home, and that prior to the conveyance he had informed Peak that he opposed the sale of the farm to him. These allegations we will notice in the order named. First, so much of them as tend to connect the appellee Peak with the fraudulent misapplication of the trust fund. This fraud is not charged upon him direct, and we are of opinion that the language used in the petition does not charge him with any moral or legal turpitude whatever. There is no participation on the part of Peak in the wrongdoing of the trustee charged. Certainly the purchaser was under no obligation to give the seller more than he demanded for the thing to be bought. The trustee and the purchaser dealt at arms' length, unless there was some fraudulent conspiracy or collusion between them. Unless this be shown the sale must be upheld, so far as this ground is concerned. Nor is this phase of the position of appellant aided by the fact that he alleges in his petition, as amended, that Peak knew all of the facts set out against the trustee. Unless the purchaser was a participant in the wrongdoing, his knowledge of it in no wise affects his relation to the purchase of the farm. He had no duty connected with the trust, either to prevent its dissipation or to aid in its being made remunerative. So far as the petition shows, he came in contact with the trust fund merely as a proposed purchaser of a part of it. He had a right to buy it as cheap as he could unless the disproportion between the actual value and the price paid was so great as to raise the presumption of fraud, which does not occur in the case before us.

The other allegations of the petition with which the purchaser is concerned are those which seek to invoke the statute against champerty. We do not think the contention of appellant as to this ground for vacating the deed is sound. His was not an adverse possession to the trustee. On the contrary, he held under the instrument which created the trust and invested the trustee with all her power with reference to the land. He was her tenant, and his possession was her possession. Therefore the statute against champertous sales has no application to that by the trustee under the power given by the will of J. R. Nunn, although the appellant was living upon the farm and actually culti-vating it at the time. There is nothing alleged in the petition which is antagonistic to the idea that the appellant was holding the land and using and occupy-ing it by the permission and consent of the trustee. The fact that the cestuis que trustent in the long inter-val elapsing between 1891, when the trust was created, and 1907, when the trustee undertook to sell the land to Peak, have become of age, does not destroy or put an end to the trust. A mere reading of the will, which we have copied in this opinion, will show that the trust fund was created for the benefit of the children of the settlor; that his wife, who is the grandmother of appel-lant, was made trustee and given unlimited power to sell or rent the real estate of the trust; that there is no time fixed when the trust will end during the life of the trustee, and, as said before, the fact that the cestuis que trustent have become of age does not of itself end the trust established for their benefit. The settlor evidently had unlimited confidence in the trus-tee. He appointed her as his executrix without bond, and gave her unlimited power, as said before, to man-age the trust for the benefit of her children and grand-

children. She therefore had power to sell the land in question to the appellee Peak, and her deed to him conveyed the fee-simple title thereto. The purchaser was not bound to look to the reinvestment of the purchase money; nor could the appellant limit his grandmother's power of sale by his opposition or refusal to consent to any sale she might see fit to make. The will of his grandfather will be scanned in vain for any grant to him of a veto power on his grandmother's discretion in reference to the sale of the trust property. The confidence of the settlor was in the trustee—not in the beneficiaries. They were to be provided for, and the mere fact of the establishment of the trust without limitation as to the time negatives the idea that the settlor had confidence in the judgment of the cestuis que trustent. This is not a simple or dry trust, which may be brought to an end upon the demand of the beneficiary; on the contrary, it is an active, executory trust, demanding the management and control and attention of the trustee constantly, and therefore it can not be limited or ended by the desire of the beneficiary. Carpenter v. Carpenter's Trustee, 119 Ky. 582, 27 Ky. Law Rep. 206, 84 S. W. 737, 68 L. R. A. 637, 115 Am. St. Rep. 275. The long time elapsing since the creation of the trust does not weaken or limit the power of the trustee to sell the trust property whenever, in her wisdom, it is for the benefit of the beneficiaries so to do. Jones v. Breed's Extx., 13 S. W. 366, 11 Ky. Law Rep. 896. Of course, we do not mean to be understood as holding that the trustee may fraudulently waste or dissipate the trust fund. She is accountable to the cestius que trustent for the faithful performance of her duty under her husband's will. All of the appellant's complaint which looks in this direction is still

in the court below, and can be tried out there. The circuit judge only dismissed the petition as amended in so far as it affected the purchase by Peak.

While the suit brought by appellant was pending, the purchaser, Peak, instituted an action in ejectment against him, claiming title to, and right of possession of, the farm, and alleging that appellant was wrongfully withholding it from him. As Peak only claimed title through the deed from the trustee to him, the issue arising in his suit of necessity must be tried out in this. This was evidently the opinion of all the parties to the two suits, as they were consolidated by an agreed order, and the court seems to have so treated them thereafter. It is therefore not necessary to speak further of the action in ejectment. The rights of the appellant here were settled by the demurrer to his petition as amended, and in our opinion settled correctly.

Therefore the judgment is affirmed.