## Cassity v. Riley, et al.

(Decided April 23, 1914.)

### Appeal from Jessamine Circuit Court.

Wills—Devise in Fee to Infants—Property To Be Held by Executor Until Arrival of Age—Conditional Devise.—Under a devise of property in fee to two infants to be held by the executor until they were of age, and then to be paid over and delivered to them with the provision that if either died without children the property should be paid or delivered by the executor to certain other persons, the infants on arriving at age and receiving the property from the executor, took a fee simple, which would not be defeated by the death of either without children.

JOHN H. WELCH and N. L. BRONAUGH for appellant.

MATTHEW WALTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The question before us in this case is what estate Druitt and James B. Riley took under the will of William M. Bibb in the property therein referred to. The provisions of the will are as follows:

"After the payment of my just debts and funeral and burial expenses and my grave adornment I will and devise the entire remainder of my estate of every description not herein otherwise specified to my two nephews, Druitt and James B. Riley, sons of my sister, Emily Riley, to them in fee simple in equal proportions to be paid or delivered to them by my executor on their arriving at the age of twenty-one years respectively, but to be held and controlled by my executor till the arrival of that time, and in so controlling the same I hereby invest him with full power and authority to loan the monies at interest or to make any other investment thereof for profit he may deem prudent or he may sell and convey by deed at discretion any part or all of my lands or other estate and likewise appropriate the proceeds of same or invest the same in any other lands or other estate for the use and purpose meant.

"In case of the death of either or both the said Druitt and James B. Riley without child or children the devise hereby given to the one or both so dying, is to pass to and be paid by my executor equally to all of

my nephews and nieces (children of my brother and sister)· that may be living at the time of such decease of said Druitt or James B. Riley, but in case they have such children or child then their devise is to pass to such child or children."

In Harvey v. Bell, 118 Ky., 521, after a full discussion of the authorities, we laid down the following rules:

"1.  Where an estate is devised to one for life, with remainder to another, and, if the remainderman die without children or issue, then to a third person, the rule is that the words "dying without children or issue" are restricted to the death of the remainderman before the termination of the particular estate.

"2.  On the same principle, where property is devised to one or more infants, and is to be held by their trustees or guardians until they are twenty-one years old, and then be turned over to them, or divided between them, with the proviso that, if they die without issue, it shall go to the survivors, or, if all die, to a third person, it has been held that the limitation as to dying without issue is to be limited to a death in infancy before the period of distribution.

"3.  And where, by the will, the devise is to a class, and the period of division is postponed, even where the devisees are not infants, it has been held that the limitation as to dying without issue must be confined to a death without issue before the period of division fixed by the will.

"4.  On the other hand, where there is no intervening estate, and no other period to which the words 'dying without issue' can be reasonably referred, they are held, in the absence of something in the will evidencing a contrary intent, to create a defeasible fee which is defeated by the death of the devisee at any time without issue then living."

In the case at bar Druitt and James B. Riley attained the age of twenty-one years, and after they became of age, the executor turned over to them the entire estate.  The case therefore falls under Rule 2 laid down in Harvey v. Bell.

It will be observed that by the first clause quoted above the property is devised by the testator to the two nephews "in fee simple in equal proportions to be paid or delivered to them by my executor on their arriving at the age of twenty-one years respectively, but to be

held and controlled by my executor until the arrival of that time." In the other clause of the will it is provided that in the case of the death of either of the nephews without child or children, the devise to the one or both so dying is to pass to and be paid by the executor equally to all of the testator's nephews and nieces. The provision, that the devise is in this event, to be paid by the executor equally to all of the nephews and nieces, shows that the testator had in mind the death of the devisee before the property had passed out of the hands of the executor. In the other clause of the will the property is given to the devisees in fee simple. The purpose of the second clause was not to qualify the fee simple estate, but to provide who should take the estate in case the devisee died before the time of distribution.

Judgment affirmed.