## Jewell, et al. v. White, et al.

(Decided October 21, 1915.)

Appeal from Jessamine Circuit Court.

Wills—Remainders—"Dying Without Children or Issue."—Where an estate was devised for life, with remainder over, with the further provision that, if the remainderman should die without issue, then to a third person, the purpose was to pass the estate in fee simple to the remainderman if he survived the life tenant.

BAILEY D. BERRY for appellants.

JOHN H. WELCH for appellees.

OPINION OF THE COURT BY JUDGE NUNN.—Affirming.

The question for decision is: What estate did Joel White, Jr., take under the will of his grandfather, Joel White, Sr.? The controversy involves the construction of the first clause in the will which is as follows:

"Having heretofore given and conveyed to my daughter Kate C. Robards and her husband Lewis S. Robards by deed of date May 8th, 1879—125 acres of my land, I now devise, will and bequeath in fee simple to my grandson Joel White, Jr., son of my deceased son John White, my tract of land lying in said county and State and containing about 110 or 112 acres be the same more or less, with its appurtenances and known as the Messick Farm, subject however to the life estate of my wife Minerva J. White, who is to have the use, control and proceeds of the same during her natural life, and if my said grandson shall die without lawful heirs of his own body, then said lands and the title thereto are to revert and descend to my daughter, said Kate C. Robards, and my stepdaughters Sarah Frakes and Mary Frank Jewell, equally if then living or to their descendants if dead."

Testator's wife is dead and the stepdaughters of Kate C. Robards are claiming a contingent interest in the land upon the theory that Joel White, Jr., has only a defeasible fee—liable to be defeated by his death without issue. Appellee contends that his title has ripened into a fee, since he survived the life tenant, Minerva J. White. This was the view of the lower court, and of its correctness we think there can be no doubt.

In the case of Harvey v. Bell, 118 Ky., 521, 81 S. W., 571, 26 Ky. L. R., 381, the court set forth four rules for determining questions of this character. This case comes within the first rule and, in our opinion, is concluded by it. The rule is as follows:

"Where an estate is devised to one for life, with remainder to another, and, if the remanderman die without children or issue, then to a third person, the rule is that the words 'dying without issue' are restricted to the death of the remainderman before the termination of the particular estate."

The will in question devised the estate to Minerva J. White for life, with remainder in fee to his grandson, Joel White, Jr., conditioned, however, upon his dying "without lawful heirs of his own body," then in that event the estate, or a portion thereof, shall "revert and descend" to the appellants. The words "die without law-

.ful heirs" are, in the language of the rule, *supra,* "restricted to the death of the remainderman before the determination of the particular estate." The particular estate having terminated during his lifetime, he was invested then with the fee simple title.

A more recent case of Cassity v. Riley, 158 Ky., 507, 165 S. W., 679, had under consideration a will with similar provisions, and, in applying the rule in the Harvey case, the court said that the purpose of the clause with reference to the death of Joel White, Jr., without issue was not to qualify the fee simple estate, but to provide who should take the estate in case the devisee died before time of distribution, that is, before the life tenant died. Kentucky Statutes, Section 2342; Bradshaw v. Butler, 33 Ky. L. R., 531, 110 S. W. 422; Moore's Admr. v. Sleet, 113 Ky., 600.

The judgment of the lower court is affirmed.