## Bowman v. Bowman.

(Decided February 17, 1925.)

### Appeal from Breathitt Circuit Court.

1. Wills—Bequest of Proceeds of Insurance Policy to be Collected and Paid to Wife in Monthly Payments Held Not to Create Trust.—Bequest of proceeds of insurance policy to be collected and paid to testator's wife in monthly payments to be used for her and children's benefit, and appointing one to collect policy and pay it to her, but not specifying amount of monthly payments, did not create trust enforceable as against wife suing for proceeds of policy.

2. Wills—Intention of Testator to be Gathered from Language Used.—Intention of testator is to be gathered from language used, and words cannot be supplied to express supposed intention.

W. L. KASH for appellant.

O. H. POLLARD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Appellee sued to recover on the following note:

"Athol, Ky.,

Oct. 15, 1921.

"One day after date I promise to pay Mattie Bowman ($800.00) eight hundred dollars with interest at 6% value received of her.

"(Signed) BEDFORD BOWMAN."

The answer set up the will of C. L. Bowman, husband of plaintiff, which was probated July 21, 1921, and reading:

"This is my will and testament. I give to Winston the hollow at the back of the house, including house and all outbuildings. I give to Holmes all the rest of the land, as called for in the deed, also the orchard. Holmes gets possession at 21. I also have a life policy of $1,000.00 which I want collected and paid to my wife in monthly payments to be used for her and the children's benefit. Any other property I might have at the time of my death I want my wife to have it. I appoint Bedford Bowman to collect the policy and pay it to my wife.

"(Signed) C. L. BOWMAN."

It is further pleaded that defendant qualified as executor under the will and was still acting as such; that he collected the insurance policy and paid plaintiff thereon prior to October 15, 1921, the sum of $200.00, and executed to her the note sued on for the remainder; that subsequent to the execution of the note he paid her interest thereon semiannually, and was holding the principal as a trust fund, though he was willing to pay plaintiff the principal in monthly or other installments if the court should so direct.

The court sustained a demurrer to the answer and rendered judgment in favor of plaintiff for the amount of the note. Defendant appeals.

The last sentence of the will appoints Bedford Bowman to collect the policy and pay it to testator's wife. Standing alone this imports an absolute gift, but it must be considered in connection with the previous statement, "which I want collected and paid to my wife in monthly payments to be used for her and the children's benefit." When the two are construed together some sort of trust is intimated, but it will be observed that the amount of monthly payments is not stated. No one is authorized to fix such amount. The language quoted would apply to two payments or to two hundred or to any other number. As illustrating this, appellant paid appellee $200.00 of the fund in three months after her husband's death, and since has only paid her the interest on the remainder.

Perhaps the testator intended for his brother to act as trustee, and intended for him to pay this legacy to appellee as the family necessities required. But we must gather his intention from the language used, not supply words to express a supposed intention. When a trust is created the court may enforce it, but it must have a tangible basis upon which to act, and the language of this instrument is so vague and indefinite as not to create an enforceable trust as against the wife, though it is clear that the testator intended for his children to share in this fund, and it would seem that the execution of this devolves upon the wife (appellee). Wherefore the judgment is affirmed.