## Rankin et al. v. Rankin.

(Decided December 21, 1928.)

JAMES PARK and OW.EN S. LEE for appellants.

J. SMITH HAYS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Claiming a devise of 110 acres of land in fee simple under the will of his grandfather, Allen Armstrong, the plaintiff, William F. Rankin, in this action seeks a construction of that will and to have his title quieted against the claims of the other heirs of his mother, Mrs. John Hart, deceased. The case turns on the construction of the second clause of Allen Armstrong's will and the codicil thereto, dated April 2, 1873, and June 23, 1876, respectively. By the first clause of the will testator's wife, Mrs. Susan Armstrong, was devised a life estate in the lands mentioned below, and the provisions cited supra are in these words:

"Second: I give and bequeath to my grandson, William F. Rankin, the said one hundred and fifty acres of land more or less, in remainder, after the death of my wife, Susan Armstrong, the said tract of land with its appurtenances, devised in the first clause of this my will to my said wife, to go to said William F. Rankin after the death of my wife, and

the same to be held in trust by Allen A. Rankin for said William F. Rankin; or in the event that said Allen A. Rankin should die before my wife dies, or declines to act as Trustee under my will for said William F. Rankin, then the Clark Circuit Court is requested t oappoint a trustee for the purposes of holding the land herein devised in remainder to said William F. Rankin. In the event said William F. Rankin dies without leaving children, the land herein devised in remainder to him is to be divided as follows: One hundred acres of said tract of land to his mother, Martha Jane Hart, wife of John Hart of Fayette county, Kentucky; the remainder of said tract of land to be equally divided among the children of Allen A. Rankin.''

The codicil:

''Allen Armstrong of Clark County, Kentucky, do make this codicil to my will made by me on the 2nd day of April 1873. I do so for the purpose of making the following alterations in the devise made by me in said will of the remainder in the one hundred and fifty acres of land devised to my wife, Susan Armstrong, for and during her life, and the remainder to William F. Rankin. It is my will, and I hereby devise to my grandchildren, Elbert Rankin and Allen Rankin, children of Allen A. Rankin, deceased, so much of said one hundred and fifty acres of land, in remainder, and after the death of my wife, Susan Armstrong, as will be embraced in the following described boundary:

''A line to surveyed commencing at the Two Mile Road, south of a spring, around to line east with the present fence to mine and Jesse G. Hart line and the line to bind on said fence. The said Elbert and Allen Rankin are to have jointly all the land that lies north of said line in the direction of the town of Winchester, Kentucky, said boundary herein devised to my said two grandchildren supposed to contain between forty and fifty acres of land. The said devisees are not to have possession of said boundary of land until after the death of my wife. Susan Armstrong.''

The chancellor granted the relief sought in the petition and the heirs of Mrs. Hart appeal. Both appellant

and appellee concede that the only effect of the codicil was to give the children of A. A. Rankin a vested remainder in the 50 acres devised them and to identify it by proper description. Appellants insist, however, that under the second clause of the will William F. Rankin took a defeasible fee in the remaining 110 acres with a defeasance in their favor in the event of his dying without issue at any time.

It will be observed that the devise is, "I give to my grandson William F. Rankin the said 150 acres in remainder after the death of my wife Susan Armstrong—to go to said William F. Rankin after the death of my wife—and in the event said William F. Rankin dies without leaving children the land herein devised in remainder to him is to be divided as follows."

Considered alone, these words fall clearly within the first rule of construction laid down in Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 26 Ky. Law Rep. 381, viz.: "Where an estate is devised to one for life, with remainder to another, and, if the remainderman die without . . . issue, then to a third person, the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate." And, as William F. Rankin survived his mother, he acquired a fee-simple estate at her death.

This rule has been firmly established, and is uniformly followed, where nothing to the contrary appears in other parts of the will. Conversely, effect must be given to the intention of the testator as expressed in the entire instrument, and if, when so construed, the manifest intention is at variance with a rule of construction, the rule must yield. Appellants concede both principles; their insistence being that the provisions nominating Allen A. Rankin as trustee, or in default of his so acting, for the appointment of a trustee by the circuit court to hold the property in trust, shows an intention upon the part of the testator for the property to be thus held for the benefit of the heirs of Mrs. John Hart; that this is inconsistent with a purpose to vest a fee in William F. Rankin; and that therefore the words "dying without issue" should be referred to the death of William F. Rankin at any time without issue, and he thereby took a defeasible fee. While ingenious, we do not so construe the language of the will. It will be observed that, while a trustee was named to hold the property in trust for William F.

Rankin, no mention was made of such trustee acting in that capacity for any one else. He was not vested with the legal title, nor given any power or control over the property or authority to direct its use, but, on the contrary, both the legal title and the control as well as the beneficial enjoyment of the property was given to William F. Rankin. This is insufficient to create a valid trust. At most it would be but a dry or passive trust which would not conflict with the fee otherwise devised to William F. Rankin.

The essential elements of a valid trust are thus enunciated in 26 R. C. L. p. 1186:

> "A fundamental essential to the existence of any trust is the separation of the legal estate from the beneficial enjoyment; and no trust can exist where the same person possesses both. Even in the case of a trust created or continued in the party from whom the bounty emanates, the transaction must show that the entire equitable interest is parted with. If the legal and equitable estate come together in the same person the equitable is merged in the legal and the trust is terminated. Absolute control and power of disposition are inconsistent with the idea of a trust. . . ."

See, also, Reynolds v. Thompson, 161 Ky. 772, 171 S. W. 379; Bispham's Equity, secs. 66, 67.

In Carpenter v. Carpenter's Trustee, 119 Ky. 582, 84 S. W. 737, 27 Ky. Law Rep. 206, 68 L. R. A. 637, 115 Am. St. Rep. 275, it was held:

> "A dry or simple trust is one as to which the trustee has no duties to perform, and the cestui que trust has the entire management of the estate. It is a simple separation of the equitable and legal estates, which can be united at the option of the cestui que trust."

It is urged, however, that Brown v. Owsley et al., 198 Ky. 344, 248 S. W. 889, holds otherwise. There are some expressions in that opinion that in a casual reading might be so construed, but, when carefully considered, it does not. In that case the devise was: "The remainder of my estate, which I have the right to will, to be equally divided among my four children, . . . to

be held .in trust by their respective husbands, . . . for their wives and children.'' Mrs. Owsley, one of the devisees in the will, was childless, and the question was whether she and her husband could convey title to the property. It will be observed that the character of the devise to the daughters was equivocal, though it was clearly intended for both the wives and their children to enjoy the beneficial use of the property. These matters, together with the appointment of a trustee to hold the property for such beneficiaries, were deemed sufficient to create a trust fund, and, as it appeared Mrs. Owsley might yet have children, it was held that the parties could not convey a valid title. It was in this connection, and as thus explained, that the court used the language: ''As all these persons are yet alive the trust created by the will is still active. This is not a mere dry or passive trust which requires any action on the part of the trustee beyond turning over the property to the cestui que trustants, on the contrary William Owsley, as trustee, must hold the said lands for the use and benefit of his wife so long as she lives. It is an active trust, for the trustee has a duty to perform.''

Here, as above indicated, the legal title and beneficial enjoyment is vested in William Rankin; there is no suggestion of its being held for any one else, and, for the reasons suggested, supra, having survived the lie tenant, he was vested with a fee-simple title.

Wherefore the judgment is affirmed.