### Smith et al. v. Webb et ux.
(Decided March 3, 1936.)

J. C. SPEIGHT for appellants.

WHEELER, WHEELER & SHELBOURNE, and R. O. WILLINGHAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

W. I. Hall, a resident of Carlisle county, died testate in the year 1886. Clauses 3 and 4 of his will, which was duly probated in the Carlisle county court, are as follows:

"3rd. I give to my daughter, Adelia F. Blanks all my home tract of land, except 80 acres on the west end, her life time, and then to her children, if it is traded, leased or transferred, it is then to go to her children.

"4th. I give to my son, Robert A. Hall, all of the land known as the Z. B. Willingham land during his life time, and at his death the South east quarter of Section 27 to Adelia's children; and all the land I own in the south west quarter of said tract of land is to go to Robert A. Hall's daughter, Maud Hall; if said land is traded, leased or transferred it is then to go to said children; if Maud Hall dies leaving no children, the land is to go to Adelia's children."

At the time of his death the testator had two children: A daughter, Adelia F. Blanks, who had three children; and a son, Robert A. Hall, who had a daughter, Maud Hall. Robert A. Hall died in the year 1904, survived by his daughter, Maud, who afterward married Ira W. Smith. On August 29, 1919, Maud Hall Smith and her husband conveyed to J. W. Webb the land devised to her by W. I. Hall. On December 14, 1931, J. W. Webb conveyed the land to his wife, E. J.

Webb. In 1925 Maud Hall Smith died intestate, survived by her husband, I. W. Smith, and three children, Lucille Smith, Roxie Smith Dormany, and Robbie Smith Tennyson.

Claiming that on the death of their mother, Maud Hall Smith, the title to the land conveyed to the Webbs passed to them under the fourth clause of the will of W. I. Hall, Lucille Smith, Roxie Smith Dormany, and Robbie Smith Tennyson brought this action against J. W. Webb and wife to recover the land, together with damages for its occupation, and the value of timber removed. The court adjudged that under the will of W. I. Hall, Maud Hall Smith took a fee-simple title to the land in controversy, and sustained a demurrer to and dismissed the petition as amended. Plaintiffs appeal.

Calling attention to clauses 3 and 4 of the will, counsel for appellant takes the position that testator meant to devise to Maud Hall the same character of estate which he devised to his daughter, Adelia F. Blanks, and that in order to carry out his intention there should be supplied after the words "Maud Hall" the words "for life and then to her children." There is nothing in the will remotely suggesting that the testator intended to put his daughter and granddaughter on the same plane. On the contrary, it is apparent that the only persons devised an estate for life were his daughter, Adelia, and his son, Robert. In using the words "traded, leased or transferred" in clause 3, testator meant "traded, leased or transferred by Adelia Blanks, the life tenant." In using the words in clause 4, "if said land is traded, leased or transferred, it is then to go to said children," the testator meant that if the land was traded, leased, or transferred by Robert A. Hall, the life tenant, it should then go to "said children"; that is, the southeast quarter to Adelia's children, and the southwest quarter to Robert's daughter, Maud Hall. It not being clear from the whole will that the testator intended that Maud Hall should take only a life estate, a clause will not be supplied in order to give the will that construction. Bowman v. Bowman, 207 Ky. 397, 269 S. W. 289.

There being no basis for supplying words, we must construe clause 4 as it is written. The long-settled rule is that where an estate is devised to one for life with

remainder to another, and if the remainderman die without children or issue then to a third person, the words "die without children or issue" are restricted to the death of the remainderman before the termination of the particular estate. Jewell v. White, 166 Ky. 325, 179 S. W. 212; Bonner v. Wedekind, 193 Ky. 743, 237 S. W. 394; Rankin v. Rankin, 227 Ky. 169, 12 S. W. (2d) 319. Here Maud Hall Smith, the remainderman, did not die without children during the lifetime of her father, the life tenant. That being true, she became vested with the fee, and she and her husband conveyed a good title to J. W. Webb. It follows that the judgment of the chancellor is correct.

Judgment affirmed.