## Bennett et al. v. Bennett et al.

Oct. 8, 1943.

394

Lilburn Phelps and Terill A. Wilson for appellants.

L. C. Lawrence and Marvin Sternberg for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was instituted by the appellee, Jonah Bennett, against the appellees, Marvin C. Sternberg and his wife, Lillian Sternberg, to recover a tract of land which had been conveyed to Jonah Bennett by Betsy J. Bennett and Emily E. Bennett, daughters of Green C. Bennett, under whose will they had acquired title. Claiming to be heirs of Green C. Bennett, and, as such, to have become entitled to the land upon the death of his daughters without issue, the appellants intervened; and the sole question presented by this appeal is whether their intervening petition, to which the Chancellor sustained appellees' general demurrers, showed that the interveners possessed title. That portion of the will of Green C. Bennett which it is necessary for us to construe in order to determine the controversy is in the following language: "I will the above named tract of land to my wife, Emaline all of her natural life time and she is to only rent it out one year at a time. After my wife's death I will all on the West side of the Caney Fork Creek of the above named tract of land to my two daughters, B. J. Bennett and Emily Ellen Bennett if either dies I want the other to have it all, if heirs I want them to have it, if no heirs and they both die it falls back to the estate except S. J. Bennett's heirs, they are not to have any part of the above named tract of land."

The Chancellor held that having survived their mother, the life tenant, the two daughters took a fee simple title under the settled rule of interpretation that where an estate is devised to one for life with remainder to another, and it is further provided that if the remainderman dies without children or issue, the estate shall go to a third person, the words "die without children or issue" are restricted in their meaning to the death of the remainderman before the termination of the particular

estate. Harvey et al. v. Bell et al., 118 Ky. 512, 81 S. W. 671; Atkinson v. Kern et al., 210 Ky. 824, 276 S. W. 977; Rankin et al. v. Rankin, 227 Ky. 169, 12 S. W. (2d) 319; Smith et al. v. Webb et ux., 263 Ky. 26, 91 S. W. (2d) 987; Ellison et al. v. Smoot's Adm'r et al., 286 Ky. 768, 151 S. W. (2d) 1017.

Appellants concede the rule but insist that their case is within the sometimes expressed and always implied qualification that it is inapplicable where a contrary intent is manifested by the will as a whole. The language employed by the testator in creating estates in his sons, which estates, for the purpose of the argument, it may be conceded were defeasible in the event of their death without issue at any time, is pointed to as indicating the intention of the testator to vest his daughters with defeasible fees in remainder. But it is easily conceivable that he intended to provide more liberally for his daughters; and, in this connection, it may not be inappropriate to mention the fact that the recited consideration for the deed which they executed to the appellee, Jonah Bennett, was his undertaking to provide them with a home, board, and clothes during their lifetime. Also cited by appellants are restrictions in the will applicable to the life tenant and remaindermen alike prohibiting them from leasing their lands for more than one year at a time, which restrictions, appellants argue, are inconsistent with the idea that the testator intended to vest his immediate beneficiaries with unqualified estates. Seemingly opposed to this inference is the very language of the defeasance clause, "if no heirs (children) and they (the daughters) both die it falls back to the estate." Conceding the obvious fact that the testator did not possess the power of expressing himself clearly, it must nevertheless be assumed that he knew that his daughters must eventually go the way of all flesh, from which it follows that if the word "if," as it appears in the quoted phrase, qualifies the words "and they both die," as it appears to qualify it, the testator could have only had in mind the contingency of his daughters dying without children before the death of the life tenant.

It may be true, as appellants forcibly argue, that it was the intention of the testator to "tie" his immediate family to the land, and to insure, as long as the law would permit him to do so, that it should not pass to strangers to his blood. However, we do not think that the testator

so clearly manifested an intent to qualify the vested remainders devised his daughters as to justify us in departing from a rule of interpretation, which is not only consistent with reason and public policy, but has become firmly imbedded in the jurisprudence of the Commonwealth.

Judgment affirmed.