Pool *vs* Benning.

APPEAL FROM THE CLARKE CIRCUIT.

*Wills. Devises. Slaves.*

CHANCERY.

*Case* 138.

9m 623
99 208

9bm623
106 310

9bm623
116 658

9bm623
116 658

9bm623
118 522

JUDGE GRAHAM delivered the opinion of the Court.

*June 30.*

THIS case must be determined by the construction to be given to the following clause in the will of Anthony Arnold, deceased, made in Virginia, in the year 1782: "I leave to my loving wife, Mary Arnold, all my estate, whether real or personal, to be enjoyed by her during her natural life or widowhood, and, at her decease, it is my will, that my estate shall be equally divided among all my children and their heirs; but in case my wife shall marry again, in that case she is to have no part in my estate; but in case my wife shall die before my youngest child attains the age of eighteen, or is married, the estate shall be kept together, and at the age aforesaid of my youngest child, or at its marriage, then there shall be an equal division made among all my children, or their heirs, and in case any of my children shall die without an heir of their body begotten, then their part shall be equally divided among the survivors, or their heirs." The widow of the testator died long since. After her death, the children took possession of the property, divided it among themselves, and have continued to enjoy it ever since the division. All the testator's children, except Sarah Benning, have died, leaving children. Mrs. Benning is yet alive, and at the age of eighty years, is childless. Her husband has been dead many years since. At the division among the children of the testator, two infant slaves, Jim and Sukey, came into the possession of the defendant. The children and grand-children of Sukey are fourteen in number.

The appellants, who are a portion of the grand-children of the testator, exhibited their bill in chancery against Mrs. Benning and others, charging her with hav-

*Case stated.*

IN 1782, the testator devised his estate, real and personal, to his wife during her

BEN. MONROE'S REPORTS.

Pool
vs
Benning.·

life or widow-
hood, and at her
decease to be di-
vided between
all the children
of the testator
and their heirs,
but if the widow
should die before
the youngest
child attain 18
years of age or
marry, the estate
to be kept to-
gether till then,
and then to be
divided; the wid-
ow died, when
the estate was
divided accord-
ing to the will;
one now sur-
vives, a female,
who is 80 odd
years old.—Held
that the heirs of
those who have
died, have no in-
terest or right in
the slaves held
by the surviving
devisees, and no
right to file a
bill restraining
their removal or
sale: (See Bir-
ney vs Richard-
son, (5 Dana,
432; 8 B. Mon.
616.)

ing the intention to remove, or connive at the removal, of the slaves to some State where they would be free, and for this, and other reasons stated by them, they ask a restraining order, &c.

The defendant, Mrs. Benning, demurred to the bill, and the Court having sustained the demurrer, the appellants have brought the case to this Court. Admitting that the facts charged in the bill are sufficient to authorize the orders asked for by complainants, if they will, at the death of Mrs. Benning, have an interest in the slaves, we have to determine whether the latter has only a life estate in the slaves, or whether, at her death, they will pass to her heirs or devisees. The will is dated 1782, and was admitted to record in Virginia, in 1786, at which date, slaves passed by wills as personalty. We deem it unnecessary to discuss the doctrine of the law on remainders and executory devises, &c. That has been fully done in various cases in this Court, especially in 5 Dana, 428, and in Deboe vs Lowen, (8 B. Monroe, 616.) In this case we have to enquire whether the testator contemplated that there would or should be more than one division of the slaves. Without entering into a critical analysis of the will, we suppose that he looked to but one division, but the time when that should be had, depended upon the widow dying before or after the youngest child attained the age of eighteen, or married. If the widow should die before that time, no division was to be had, until the arrival to that age, or the marriage of the youngest child. If the wife, continuing to be the widow, lived until the arrival to the age of eighteen, or marriage of the child, then the widow should use and control the slaves during her life, and they were to be divided after her death. If one of the devisees had died before any division took place, it is very clear that his or her part should have been equally divided among the survivors, or their heirs. But a division has taken place, and two have fallen to the share of Mrs. Benning, and have been, for many years, in her possession. If she dies without issue, will not the slaves vest in the heirs of the other children, or are they part of her own estate, to be dis-

posed of by her, during her life, or, at her death, to descend to her heirs? Shall the bequest over, on the legatee's death without issue, apply to the time when the remainder may be possessed and enjoyed, or to *any time*, whether before or after that event? In such case, this Court, in *Birney* vs *Richardson*, &c. (5 *Dana*, 432,) said: "The simple unexplained words, "*dying without issue*," will, according to a general and well established rule, be construed as meaning the death of the legatee, *after* that of the testator, and *before* the time for distribution, or when the legacy may be reduced to possession."

1 *Roper on Legacy*, 409, referred to in that opinion, sustains the view therein taken. To quote again from 5 *Dana:* "In such a case, the law will not incline to any other conclusion, than that the death must be during the particular estate, unless the letter, or context of the will, *plainly* shows that the testator intended a death, *at any time* whenever it might occur."

In the case now before us, we have had considerable difficulty and doubt, as to the construction to be given to the will of Arnold; but have finally come to the conclusion, that there is nothing in this will, to take it out of the principles settled in *Birney* vs *Richardson*, (5 *Dana*, 432.)

We are, therefore, of opinion that the Court below did not err, in sustaining the demurrer to the complainant's bill.

Wherefore, the decree of the Circuit Court is affirmed.

*Daniel and Eginton* for appellant; *Hanson* for appellee.