CASE 76.—ACTION BY GEORGE REULING, JR., AND ANOTH-
ER AGAINST MAGGIE REULING EXECUTRIX OF
GEORGE REULING, SR., AND OTHERS.—March 16,
1910.

# Reuling's Extx, &c. v. Reuling, &c.

Appeal from Jefferson Circuit Court (Chancery
Branch, First Division).

SHACKELFORD MILLER, Judge.

From the judgment defendants appeal.—Affirmed.

1.  Wills—Construction—Life Estates—"Dying Without Child or
Issue."—Where an estate is devised to one for life with re-
mainder to another, with the provision that, if the remainder-
man should die without child or issue, then to a third per-
son, the words "dying without child or issue" are restricted
to the death of the remainderman before the termination of
the particular estate.

2.  Wills—Construction—Statutes.—Ky. St. section 4839, provid-
ing that a will shall be construed with reference to the real
and personal estate comprised in it, to speak and take effect
as if it had been executed immediately before testator's
death, unless a contrary intention appears by the will, was
enacted for the purpose of making the will effective as to
after-acquired property and has no bearing on the character
of estate devised.

3.  Wills—Construction.—The intention of a testator when he
wrote should govern in the construction of his will, and in
arriving at such intention the language of the will must be
construed in the light of the circumstances surrounding tes-
tator when the will was prepared.

4.  Wills—Construction—Nature of Estate.—Testator gave a life
estate to his wife, providing that on her death part of the
esate should go to his daughter in trust for his son, and
that in case of the latter's death without issue his part should
revert to his brothers and sisters. Held that, the trust being
a dry one, testator intended that his son should take an ab-
solute estate, if he survived the life tenant, and the death of

the latter before testator simply had the effect of making absolute an estate which, prior to that time, was merely defeasible, and the son was entitled to have the trust set aside.

DODD & DODD for appellants.

KOHN, BAIRD, SLOSS & KOHN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

This appeal involves the construction of the will of George Reuling, Sr., who died a resident of Jefferson county on May 16, 1909. The will in question was executed by the testator on September 10, 1894. On October 19, 1895, a codicil was added thereto. The first clause directed the payment of the testator's debts. The second clause of the will is as follows: "I will and bequeath and devise all of my estate, real and personal and mixed, which may be left after paying any debt I may leave, to my beloved wife, Elizabeth Reuling, during her natural life, provided that she remains my widow and should she marry again after my death, then she shall have only such interest in my estate as she will then be entitled to (if any) under the laws of Kentucky." By the third clause of his will the testator provided that one of his farms should be reserved after his wife's death as a homestead for his children or two stepdaughters so long as any of them remained unmarried. By the fourth clause he provided that the balance of his estate should be sold upon the death of his wife or her remarriage, and converted into cash and divided into eight equal parts. Four of these parts he gave to four of his children; one of them he gave to a son, then dead, which passed to the latter's child; one he divided between two of his stepdaughters; one he conveyed in trust for his

daughter, Caroline Reuling, and the remaining 1-8 was disposed of in the following language: "One-eighth part thereof I will to my daughter, Maggie Reuling, in trust for my son, George Reuling, Jr." The will also contains the following provision in regard to the estate devised to George Reuling, Jr.: "Should my son, George Rueling, Jr., die without issue, his part shall revert to his brothers and sisters." The other provisions of the will it will be unnecessary to set out. Mrs. Reuling, the testator's wife, died before the testator. This action was instituted by George Reuling, Jr., and his wife against Maggie Reuling, executrix of the last will and testament of George Reuling, Sr., and trustee of George Reuling, Jr., and others, for the purpose of having determined the character of estate which he took under his father's will. The chancellor held that George Reuling, Jr., took the absolute estate in the estate devised to him, and Maggie Reuling, the executrix, etc., and others appeal.

In a long line of decisions this court has held that, where an estate is devised to one for life, with remainder to another, with the further provision that, if the remainderman should die without child or issue, then to a third person, the rule is that the words "dying without child or issue" are restricted to the death of the remainderman before the termination of the particular estate. Bradshaw v. Butler, 110 S. W. 420, 33 Ky. Law Rep. 531; Harvey v. Bell, 118 Ky. 521, 81 S. W. 671, 26 Ky. Law Rep. 381; Rice v. Rice, 118 S. W. 270.

It is insisted, however, that this rule has no application to the case at bar, for the reason that Mrs. Reuling, the life tenant, was dead at the time the will was probated. From this it is argued that the testator plainly intended that the property in ques-

tion should revert to George Reuling, Jr.'s brothers and sisters if he at any time died without issue. In this connection we are referred to section 4839, Ky. St., which provides as follows: "A will·shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." This statute was enacted for the purpose of making the will effective as to after-acquired property; it has no bearing upon the character of estate devised by will. Perry v. Perry, 110 Ky. 16, 60 S. W. 855, 22 Ky. Law Rep. 1513. The rule that the meaning of a testator when he wrote should govern in the construction of a will has always prevailed in this court. Maupin and Wife v. Goodloe, 6 T. B. Mon. 399. In every case the intention of the testator must be sought, and to arrive at his intention we must construe the language of the will in the light of the circumstances surrounding him at the time the will was prepared. If the testator meant that George Reuling, Jr., should take an absolute estate in case he survived the life tenant, the fact that the latter died before the testator could not change the intention theretofore formed and expressed in the will. The death of Mrs. Reuling simply had the effect of making absolute an estate which, prior to that time, was merely defeasible; it did not have the effect of changing the character of the estate which the testator at the time of the making of the will intended his son should have.

As the trust in question is a dry trust, with a naked legal title in the trustee and the unqualified beneficial interest in the appellee, we conclude that he was entitled to have the trust set aside. Woolley v. Preston, 82 Ky. 415; Fink v. Metcalfe, 83 S. W. 643,.

26 Ky. Law Rep. 1263; Adams, Trustee, v. Adams, etc., 56 S. W. 151, 21 Ky. Law Rep. 1756; United States Fidelity & Guaranty Co. v. Douglas' Trustee, 120 S. W. 328.

Judgment affirmed.