## Hughes, etc. v. Covington

(Decided February 25, 1913.)

### Appeal from Warren Circuit Court.

Deeds—Construction of—Limitation as to Dying Without Descendants.—
Under a deed by which the property is conveyed to A for life with remainder to A's son, B, at her death; and if he dies without descendants to go to C; at the death of A, B takes the land in fee simple, the limitation as to his dying without descendants being confined to his death in the life time of his mother.

GEO. H. GALLOWAY, for appellant.

WRIGHT & McELROY, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The question to be determined on this appeal is what estate Thomas Covington takes under the following deed:

"This indenture of bargain and sale made and entered into this 20th day of May, in the year of our Lord one thousand eight hundred and seventy-three, between Isaac C. Covington, of the County of Warren and State of Kentucky, of the first part, and Martha Covington, of the County and State aforesaid, of the second part, witnesseth: that the aforesaid Isaac C. Covington for and in consideration of the sum of five hundred dollars to him in hand paid, and for the further consideration of the said Martha Covington's having served as a hireling and market woman and made me a great deal of money, I have this day sold to the said Martha Covington of the second part a certain tract of land in the County and

State aforesaid, adjoining where I now live and bounded as follows: (Here follows description.)

"To have and to hold the aforesaid tract of land, with all its appurtenances to the only proper use and benefit of the said Martha during her natural life time and at her death to descend and pass to her youngest son, Thomas Covington. But it is clearly to be understood that in case the aforesaid Thomas Covington should die without lineal descendants the above described land is to revert to the children of Reed Watt and Ed. Covington."

Martha Covington died in the year 1907, and since her death Thomas Covington has been in possession of the land. He has three children living, and sold the land to F. K. Taylor and M. O. Hughes. He tendered them a deed which they declined to accept on the ground that if he should die without issue living at his death, the land would revert to the children of Reed Watt and Ed. Covington. This suit followed in which the circuit court held that Thomas Covington at the death of his mother took the land in fee simple. The purchasers appeal.

It was held in Birney v. Richardson, 5 Dana, 424, that if an estate is devised or conveyed to one for life with remainder to another, and if the remainderman dies without issue, then to a third person, the rule is that the limitation as to dying without issue is restricted to the death of the remainderman before the termination of the particular estate. This case has been consistently followed since. (See Harvey v. Bell, 118 Ky., 521, and cases cited.) Thomas Covington having survived his mother, his title to the land became absolute. The circuit court properly held the deed which he tendered the purchaser passed a good title.

Judgment affirmed.