## Anderson, et al. v. Herring, et al.

(Decided June 6, 1913.)

### Appeal from Garrard Circuit Court.

1. Wills—Construction of.—A devise by a testator, after payment of his debts, of all his estate to his wife for life, with remainder to his daughter, with a proviso, that if the wife remarried the property should be divided between her and the daughter, as the law directs, but that if the daughter should die "without heirs," the estate should go to the testator's "family relations" after the death of the wife, gave to the daughter a defeasible fee in the property devised, subject to the life estate of the widow and subject to be defeated in the event, she (the daughter) should die without children, before the termination of the particular estate; that is, before the death of the widow. As the daughter survived the widow, her title became an absolute or fee simple title.

2. Wills—Construction of.—It is a well recognized rule in the construction of wills, that where an estate is devised to one for life, with remainder to another, with the further provision that, if the remainderman should die without children or issue, then to a third person, the words, "dying without children or issue," are restricted to the death of the remainderman before the termination of the particular estate.

R. H. TOMLINSON for appellants.

L. L. WALKER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Daniel M. Anderson died at his home in Lancaster, Garrard County, in January, 1878, survived by his wife, Nannie Anderson, and their only child, Eliza Anderson, who later became the wife of Fisher Herring. On the 3d day of January, 1878, Daniel M. Anderson made a will which, shortly after his death, was duly admitted to probate by the Garrard County Court. The testator's widow, Nannie Anderson, appointed by the will executrix without security, duly qualified as such.

The will, omitting the signatures of the testator and attesting witnesses, is as follows:

"I. Daniel M. Anderson of the town of Lancaster, county of Garrard and State of Kentucky, do make and ordain the following as my last will and testament. 1st. I will and· direct that all my personal property shall be sold, and all my debts and burial expenses be paid, and if there shall be *lack means* after said sale to pay said debts and expenses, the deficit is to be raised by renting out the lands belonging to *myself wife*. 2nd. After the payment of my debts as above directed, I then will and bequeath unto my wife, Nannie Anderson, all my property, both real and personal during her life time or widowhood, and if she should marry, my estate is then to be divided between my wife and my child, Eliza Anderson, as the law directs. 3d. If my child Eliza Anderson should die without heirs, then I will that all my real estate shall be divided among my own family relatives after the death of my wife, Nannie Anderson. 4th. I hereby appoint my wife, Nannie Anderson, as the executrix to this my last will and testament. And I hereby order and direct that my said wife shall be permitted to enter and act as executrix to this will and testament without any other security than her individual bond."

The testator's widow, who did not again marry, took possession of and enjoyed the estate devised until her death which occurred February 17, 1903. The character and value of the personal property is not shown by the record, but the real estate consisted of the family residence in Lancaster and two tracts of land in Garrard County; one containing thirty eight acres and the other two hundred and twenty acres. Upon the death of the widow the whole of the estate went into the hands of the daughter and has since been held and enjoyed by her.

In order that her rights under the will might be determined, Eliza Herring and her husband brought this action in equity for a construction of that instrument, making defendants such of the testator's family relations as would have taken the estate under the will at the marriage or death of the testator's widow, had the daughter died without issue before the marriage or death of the widow.

It was, in substance, alleged in the petition that by the second clause of the testator's will his estate, except such of the personalty as might have been necessary to pay his debts, was devised the widow for life or during her widowhood, with the proviso, that in the event of her remarrying, it should be divided between the widow

and the daughter as directed by the statute of descent and distribution; but that if the widow remained single, the estate at her death should go absolutely to the daughter, if then living, or, if not then living, to such child or children as she might have left surviving her, but, if none, then to the family relations of the testator, as provided by the third clause of the will.

It was further alleged in the petition that some of the family relations of the testator, made defendants to the action, were without right claiming an interest in the estate devised, as remaindermen, which necessitated a construction of the will. It will be seen from the averments of the petition that Eliza Herring claims a fee simple title in and to the real estate devised by her father's will; that is, that she took under the will the fee subject to the life estate of her mother, Nannie Anderson, and subject to be defeated in the event that she (Eliza Herring) should die childless before her mother; and that the death of the latter converted her (Eliza Herring's) title to the estate devised from a defeasible into an absolute fee.

This contention of the appellees' was sustained by the circuit court, hence appellants' demurrer to the petition was overruled and upon their refusing to plead further, judgment was entered declaring that appellee Eliza Herring

"took an absolute fee simple title to the land herein set out at the death of her mother, Nannie Anderson, under the will of said Daniel M. Anderson, and she now has a fee simple title in and to said property, and the defendants have no interest whatever in same; and it is adjudged that plaintiffs' title to said land be quieted."

Appellants' dissatisfaction with that judgment resulted in this appeal.

We think it manifest from the language of the will that the testator's wife and daughter were equally the objects of his bounty; it being his intention that the former should enjoy the property devised during her life or widowhood, but if she should marry, that it be divided between her and their daughter as authorized by the statute of descent and distribution of this State. Furthermore, that if the daughter should die without children before the death of the widow, the property should, in that event, go to and be divided among the appellants, who are the testator's family relations, but that if the daughter should be living at the time of the widow's

death, she should, in that event, take a fee simple title to the devised estate. That such was the testator's meaning is apparent from the second and third clauses of the will. The second clause provides, that if the widow should again marry, the testator's estate should be divided between the widow and daughter as the law directs. In the third clause the testator had in contemplation the death of the daughter without issue, before that of the widow, hence he therein provided that the property should, in that event only, be divided among his family relations, "after the death of my wife Nannie Anderson." It is patent, therefore, that the appellee, Eliza Herring, took under the will of her father a defeasible fee in the estate devised, subject to the life estate of her mother, the testator's widow, and subject to be defeated in the event she, Eliza Herring, should die without children before the termination of the particular estate, that is, before the death of the widow. This being so, it necessarily follows that as appellee survived the widow, upon the death of the latter, her title to the estate devised became an absolute or fee simple title.

The rule of construction we here apply is one that has long been recognized in this jurisdiction. Indeed, it received the approval of the court as far back as 1837, in the case of Birney v. Richardson, 5 Dana, 432, as the following excerpt from the opinion will show:

"And in such a case, the simple unexplained words 'dying without issue,' will, according to a general and well established rule, be construed as meaning the death of the legatee after that of the testator, and before the time for distribution, or when the legacy may be reduced to possession.

"And in such a case, the law will not incline to any other conclusion, than that the death must be during the particular estate, unless the letter or context of the will plainly shows, that the testator intended a death either in his own life time, or at any time whenever it might occur." Perhaps the latest statement of this rule from this court is to be found in the case of Wilson v. Wilson, &c., 151 Ky., 637, wherein it is said:

"While no fixed rule has been, or can be, adopted as a guide to courts in the construction of wills, for the simple reason that no two wills are exactly alike, still certain general principles have been announced, which serve to guide or aid the court in arriving at the testator's intention. These general rules or principles are admirably

stated in Bradshaw v. Williams, 140 Ky., 160, where the court says: 'While the purpose of construing a will is to arrive at the intention of the testator, yet, in seeking the intention of the testator, we must construe the language of the will in the light of the uniform rules of interpretation adopted by this court. Among the rules so adopted is one to the effect that where an estate is devised to one for life, with remainder to another, with the further provision that, if the remainderman should die without children or issue, than to a third person, the words 'dying without children or issue,' are restricted to the death of the remainderman before the termination of the particular estate.' ''

An examination of the following additional authorities, will show them to be in entire accord with those from which we have quoted: Pool v. Benning, 9 B. Mon., 623; Thackston v. Watson, 84 Ky., 209; Ferguson v. Thomason, 87 Ky., 324; Harvey v. Bell, 118 Ky., 521; Reuling's Extx. v. Reuling, &c., 137 Ky., 639; Bradshaw v. Williams, 140 Ky., 163; Duncan v. Duncan, 150 Ky., 825.

As we fully concur in the circuit court's construction of the will of Daniel M. Anderson, the judgment is affirmed.