## Henry v. Carr.

(Decided February 24, 1914.)

### Appeal from Lewis Circuit Court.

1. Wills—Construction of—Dying without Issue.—Where there is a devise of property to one, with provision that if he die without issue, it shall go to others, these words will be construed not to refer to a failure of issue at any time, but to the failure of issue at some period, if there is any such named in the will, to which it may be referred, and the will is susceptible of this construction without doing violence to the intention of the testator.

2. Wills—Construction of—Dying without Issue.—Where a testator devised his estate to his son for life, and after his death to his widow for life, with remainder to his grandson, and then provided that if his grandson should die without children after his son, the estate devised to him should go to the other children of the testator, the grandson took the fee when he came into the possession of the estate upon the death of his mother who survived his father, as the provision that if he should die without issue may be referred to the period in which he came into the possession of the estate.

R. D. WILSON for appellant.

WORTHINGTON, COCHRAN and BROWNING for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Whether the appellee, John Wiliam Carr, can make a good title to the appellant, B. P. Henry, depends on the character of estate he took under this clause of his grandfather's will: "I give to my son, William N. Carr, all my home farm west of the Concord road, to have and to hold the same during his natural life, and at his death I will the same to his son, John William Carr, to be held by him forever, and I also give to my son, Wiliam N. Carr, the sum of one thousand dollars, to be paid to him by my executors, and in case of the death of my son, William, I desire that his wife shall have the use of the farm willed to my son, during her natural life, or as

long as she remains a widow, and in case my grandson, John William Carr, dies without heirs, after my son, William, then I desire that said land so devised to my said son, go to my other children to be equally divided among them."

William N. Carr survived the testator and died in 1898. The wife of William N. Carr survived her husband some years and remained a widow until her death. John William Carr married and has a child about eighteen years old.

It is the contention of counsel for John William Carr that upon the death of his mother, the widow of William N. Carr, he became invested with the fee in the land described in this clause of the will; while counsel for the appellant, Henry, say that John Wiliam Carr has only a defeasible fee in the land, or, in other words, that if John William Carr should die without leaving surviving him children, the estate would go to the other children of the testator.

It may readily be conceded that the word "heirs" in the clause "in case my grandson, John William Carr, dies without heirs, after my son, William," means children, and so the question is, do the words "in case my grandson, John William Carr, dies without heirs after my son, Wiliam, then I desire that said land so devised to my said son, go to my other children to be equally divided among them,' refer to John William Carr dying at any time without children. If they do it is of course manifest that he could not make a marketable deed to this land.

It will be observed that the testator created two life estates in this land, one in his son, William N. Carr, and another in the wife of William N. Carr in the event she survived him, and it may be conceded that if the wife of Wiliam N. Carr had died before he did, the estate, upon the death of John William Carr at any time without children, would have passed to the other children of the testator. But the fact that the wife of William N. Carr survived him and that her life estate intervened before John William Carr came into possession of the title, open up this clause to the rule of construction frequently announced by this court, that where there is a devise of property to one, with a provision that in case he died without issue, it shall go to others, these words will be

construed to refer not to a failure of issue at any time, but to a failure of issue at the termination of some period, if there is any such named in the will, to which it may be referred, and the will is susceptible of this construction without doing violence to the intention of the testator: Harvey v. Bell, 118 Ky., 512; McCauley v. Dale, 32 Ky. L. R., 1243; Bradshaw v. Williams, 140 Ky., 160; Simpson v. Adams, 127 Ky., 190.

The law favors the vesting of estates, and when there is doubt as to whether a devisee takes a fee or a lesser estate, that construction will be adopted, if it can reasonably be done, that carries with it the fee, and we think that in this case this construction will correspond with the intention of the testator. At the time the will was made John William Carr was only nine years old, and the declaration of the testator that, after the death of his son William, he wanted John William Carr to have the land forever, manifested a plain purpose on the part of the testator to invest John William with the fee, subject to the life estate of his father. But, after thus clearly stating his purpose, the testator, with the evident intention of making provision for the wife of his son William, provided that in case of the death of his son, his wife should have the farm during her natural life or as long as she remained a widow, and that if John William died without heirs after his son William, the land should go to the testator's other children.

Although it is not entirely free from doubt, we think the testator, by these various provisions, intended that if John William Carr, who was then a youth, died before he came into the possession of the estate, he wished the estate to pass to his other children, subject of course to the life estate of the widow of William N. Carr, but that after the estate came into his possession, he did not mean to limit the fee granted in the first part of this clause.

Applying, as we think we may well do, the rule of construction laid down in the Harvey v. Bell case and others, the period to which the dying of John William Carr without children may be referred is the death of his mother, who survived her husband. Upon her death John William came into the full possession of the land under the terms of the will and thereupon the defeasible fee that he had theretofore held was converted into a

fee, which of course invested him with the marketable title.

The judgment of the lower court, holding that he could convey a good title, is affirmed.