## White, et al. v. White's Guardian, et al.

(Decided February 29, 1916.)

Appeal from Jefferson Circuit Court
(Chancery Branch No. 1).

1. Wills—Construction—Taking Per Stirpes or Per Capita—Share and Share Alike.—Under a will devising the use of certain property to the testatrix's brother, Doctor William P. White, for a period of nine years, and then providing "then share and share alike, I will it said house and lot to my brothers, William P. White, Richard Aylette White, and my three nephews, Daniel P. White, Charles Aylette White and James Clark White," the devisees take per capita.

2. Wills—Construction—Estate Devised—Dying Without Issue— Where the use of property is devised to one for nine years and his estate is afterwards enlarged by a codicil to an estate for life, and then to certain named devisees with the provision that "if any of them should die, to revert to the surviving one or ones," the limitation is restricted to the death of any of the devisees before the termination of the particular estate, and those devisees who survive the life tenant take the absolute fee.

3. Wills—Construction.—Where property is devised to one for nine years and then "share and share alike" to him and other named devisees, with the provision that "if any of them should die, to revert to the surviving one or ones," and the estate of the first

devisee is afterwards enlarged by a codicil to a life estate, his estate terminates at his death.

BENJAMIN H. SACHS, M. A., D. A., and J. G. SACHS for appellants.

J. W. S. CLEMENTS and WM. F. CLARKE, JR., for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal presents for determination the proper construction of the will of Irene E. White, who died a citizen and resident of Jefferson county in the year 1904. She left surviving her two brothers, Dr. William P. White and Richard Aylette White, and three nephews, Daniel P. White, Charles A. White and James Clark White, sons of a deceased brother. Dr. William P. White died December 27, 1914.

That portion of the will and codicil material to this controversy is as follows:

(Will)

"To my brother, William P. White, M. D., I give him the use of my home, No. 1951 Sixth Street, Louisville, Jefferson county, Kentucky, for nine years, he to pay the taxes and insurance the nine years, to remain as it is ready furnished, then share and share alike, I will it, said house and lot, to my brothers, William P. White, Richard Aylette White, and my three nephews, Daniel P. White, Charles Aylette White and James Clark White. If any of them should die, to revert to the surviving one or ones. If my brother, William P. White, M. D., thinks best to sell said house and lot and reinvest, I give him, said William P. White, the power to do so. I want what I leave my three nephews managed by William P. White or some trust company."

(Codicil)

"I leave to my brother, William P. White, my house and lot, No. 1951 Sixth street, Louisville, Kentucky, his lifetime, furnished as it is, if he sees fit to sell, if so, I give him the power to sell and divide as above stated."

The questions presented are: (1) Do the nephews take *per capita* or *per stirpes?* (2) Do they take a remainder in fee or merely a defeasible fee? (3) Did Dr. William P. White own an interest in the property which, at his death, descended to his heirs?

1. Cases may arise, of course, where it is apparent from the will, considered as a whole, that the testatrix, although using the words "share and share alike," clearly intended that kindred of a more remote degree should be considered as a class and should take only what their ancestor would have taken had he been alive. Here, neither the clause in question nor the other portions of the will show any purpose on the part of the testatrix to treat her nephews as a class and to equalize them as a class with her brothers. While she makes certain devises and bequests to them in some instances as a class, in other instances she treats them as individuals and discriminates between them as individuals. It follows that the other portions of the will throw no real light on the question. Therefore, in arriving at the intention of the testatrix, we are confined to the particular clause in question. In that clause she does not speak of the nephews as a class or use any language that can reasonably be construed to mean that she intended that they, as a class, should take only *per stirpes,* or as the representatives of her deceased brother. On the contrary, she mentions the names of her nephews just as she does those of her brothers, and uses the words "share and share alike" with respect to all of them as individuals and as members of a single class. Under these circumstances, we conclude that the nephews take *per capita* and, therefore, the testatrix's surviving brother, Richard Aylette White, and her nephews are each entitled to one-fourth interest in the property in question. Wills v. Newton, 4 Bush, 158; Brown v. Brown, 6th Bush, 648; Purnell v. Culbertson, 12 Bush, 370; Hughes v. Hughes, 118 Ky., 151; McIntire v. McIntire, 192 U. S., 116; McFatridge v. Holtzclaw, 31 R., 888; Armstrong v. Crutchfield, 150 Ky., 641; Justice v. Stringer, 160 Ky., 354.

2. It will be observed that under the original will Dr. William P. White was devised the use of the property for a period of nine years. After that time it goes "share and share alike" to Doctor White, Richard Aylette White and her nephews, with the provision that if any of them should die to revert to the surviving one or ones. Doctor White is also given the power to sell and reinvest if he thinks best. By the codicil, Doctor White's estate is enlarged into a life interest with power to sell and divide. He did not exercise the power of sale. It

is the settled rule in this State that if property is devised to one for life, with remainder to another, and if the remainderman die without issue, then to a third person, the limitation as to dying without issue is restricted to the death of the remainderman before the termination of the particular estate. Birney v. Richardson, 5 Dana, 424; Harvey v. Bell, 118 Ky., 521, 81 S. W., 671, 26 R., 381; Bradshaw v. Butler, 110 S. W., 420; Reuling's Extx., etc. v. Reuling, etc., 137 Ky., 637; Hughes v. Covington, 152 Ky., 421. As the testatrix's brother, Richard Aylette White, and her three nephews survived Dr. William P. White, their estate became absolute.

3. Since, under the original will, Doctor White took only an estate subject to be defeated by his death, and since, under the codicil, he took a mere life estate, it follows that whether the codicil be regarded as controlling or not his entire estate terminated at his death.

It follows that the judgment of the chancellor, which accords with the views herein expressed, is proper.

Judgment affirmed.