### Baker v. Thomas.

(Decided November 22, 1916.)

Appeal from Montgomery Circuit Court.

Wills—Dying Without Issue.—Where a devise is to one for life with remainder to another, and, if the remainderman should "die without children or issue," then to a third person, the rule is that the words "dying without children or issue" are restricted to the death of the remainderman before the termination of the particular estate.

JOHN A. JUDY for appellant.

ROBT. H. WINN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

This is an action by Clarence F. Thomas and Elizabeth, his wife, to enforce a contract by which they sold to the appellant, R. C. Baker, an improved tract of 18 acres of land, located on the Spencer turnpike, in Mont-

gomery county, for $4,200.00. Baker is willing to perform his contract, but questions the title to the land contracted for.

The appellee, Clarence F. Thomas, obtained title to the land in question under the will of his aunt, Mrs. Louisa Greenwade, who died in August, 1914; and, Baker's only objection to the title relates to the character of the estate therein devised to Thomas. In all other respects the title is unobjectionable, and the deed tendered is in proper form.

By the first clause of her will dated March 28th, 1900, Mrs. Greenwade devised all her property, both real and personal, to her husband, Samuel Greenwade, for and during his natural life, specifically directing that the body of her said estate should be preserved intact and free of taxes, and the improvements thereon kept insured, until the period of distribution should arrive upon the death of her husband.

The second clause of Mrs. Greenwade's will reads as follows:

"To my nephew, Clarence F. Thomas, I bequeath the farm on which we now reside, at the death of my said husband, but said Clarence shall, when he comes into the possession of said farm, pay to his brother, Sam H. Thomas, three hundred dollars; and, is also to pay my sister, Cynthia Hart, one hundred dollars; and these shall be the respective shares of my estate passing under this will to said Clarence and Sam H. and my said sister Cynthia."

The seventh clause thereof reads as follows:

"I further direct that in the event of the death of my said nephew, C. F. Thomas, without child or children begotten in lawful wedlock then my executors or administrators, as the case may be, are hereby empowered to sell and convey by deed my farm aforesaid, and shall collect the money for same from purchaser thereof and pay to my said sister, Cynthia Hart, if she is living, the one hundred dollars as aforesaid; and to said Sam H. Thomas the three hundred dollars aforesaid; and the remainder of the proceeds of said farm shall be equally divided between the children of my four sisters, namely, Hannah H. Daniel, Mary A. Hastie, Elizabeth McCormick and Nancy J. Ellinton, or such of them as may survive my said husband; and lastly I hereby appoint my said husband, Samuel Greenwade, and my said

nephew, Clarence F. Thomas, the executors of this my will."

By a second codicil, dated April 16th, 1906, Mrs. Greenwade also said:

"Further I wish and direct my nephew, C. F. Thomas, after he comes in possession of the farm devised to him, that he pay his brother, S. H. Thomas, two hundred dollars and pay his aunt, Cynthia Hart, twenty-five dollars. In case C. F. Thomas dies without lawful issue this farm or the proceeds be divided equally between the heirs herein named."

Samuel Greenwade, the life tenant, died in March, 1916, the remainderman, Clarence F. Thomas, surviving him, and then and now having lawful issue. On coming into possession of the farm in question upon the death of Samuel Greenwade, Clarence F. Thomas paid the moneys charged upon the land by the will, and there is no claim that the land is not free from any of those charges.

The chancellor being of opinion that Clarence F. Thomas took an estate in fee simple under the will, overruled a demurrer to the petition, and enforced the contract. From that judgment Baker appeals, suggesting that possibly Clarence F. Thomas' estate was no more than a defeasible fee, under the authority of Simpson v. Adams, 127 Ky. 790.

We are of opinion that the judgment of the chancellor holding that Thomas took a fee simple title, was clearly right. Indeed, the record presents a case so familiar to the profession as hardly to excite argument. It is the usual instance of a devise to one for life, with remainder to another, and, if the remainderman should die without children or issue, then to a third person, where the rule is that the words "dying without children or issue" are restricted to the death of the remainderman before the termination of the particular estate. If there ever was any confusion in Kentucky about this principle of law, it was put at rest in the case of Harvey v. Bell, 118 Ky. 512.

That rule was approved in Reuling's Admx. v. Reuling, 137 Ky. 637; Hughes v. Covington, 152 Ky. 421; Anderson v. Herring, 154 Ky. 289; Henry v. Carr, 157 Ky. 552; White v. White Gdn., 168 Ky. 752; Calloway v. Calloway, 171 Ky. 372, and in other cases.

Simpson v. Adams, *supra,* relied upon by appellant, is easily distinguishable from the case at bar, since in that case there was no intervening life estate, and, consequently no period except the death of the devisee to which the words "dying without issue" could reasonably be referred. In cases of that character it is held, in the absence of something in the will evidencing a contrary intent, that the words "dying without issue," create a defeasible fee which will be defeated by the death of the devisee, at any time, without issue then living. In the case at bar, however, Samuel Greenwade held a life estate, thus bringing the case within the first rule laid down in Harvey v. Bell, *supra,* while Simpson v. Adams, *supra,* comes within the fourth rule announced in Harvey v. Bell, and has no application here.

Judgment affirmed.