# Bonner v. Wedekind.

(Decided February 14, 1922.)

## Appeal from Jefferson Circuit Court
## (Chancery Branch, Second Division).

1. **Wills—Devise—Construction.**—The law looks with favor upon the vesting of estates and with disfavor upon indefinite failure of issue. So universal is the observance of that doctrine in this jurisdiction, that in many of the cases enforcing it the Court of Appeals has declared that where it is reasonably possible to so construe the terms of a devise as to give the devisee an estate in fee simple rather than a defeasible fee, that construction will be adopted.

2. **Wills—Dying Without Issue.**—Where an estate is devised to one for life, with remainder to another, and, if the remainderman die without children or issue, then to a third person, the rule is that the words "dying without children," or "without issue," are restricted to the death of the remainderman before the termination of the particular estate; and as the devise construed in this case was, by the judgment of the chancellor, properly held to fall within this rule, it is affirmed.

SAMUEL G. TATE and W. H. WRIGHT for appellant.

BARRETT, ALLEN & ATKINSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On the 2nd day of December, 1914, the appellee, Louisa Wedekind, and her husband, Ernest H. Wedekind, sold and, by deed of general warranty then executed and later duly recorded, conveyed to the appellant, H. S. Bonner, a lot of ground lying on the south side of Chestnut street, between 17th and 18th streets, in the city of Louisville. The consideration for the conveyance was $6,500.00, of which $2,500.00 was paid in cash by the appellant, and for the $4,000.00 remaining he executed to the appellee, Louisa Wedekind, five notes of $800.00 each, the first payable three years after date and the others one, two, three and four years, respectively, from and after the maturity of the first; all bearing six per cent interest from date, payable semi-annually. The deed retained a lien on the lot to secure the payment of all the notes, and in addition contained a provision to the effect that if any of the notes or installments of interest remained unpaid for a period of ninety days after the

maturity of same, in such event all the unpaid notes and interest should then become due and the holder of them have the right to sue for their collection and the enforcement of the vendor's lien retained in the deed for their payment. After the maturity of the first, second and third of these notes and the failure of the appellant to pay them within ninety days following their maturity, respectively, or at all, the appellee brought this action against him in the court below, seeking to recover the amount of each of the five notes and accrued interest, and the enforcement of the vendor's lien on the lot in question for the payment of the whole. The appellant filed an answer and counterclaim of two paragraphs; the first traversing the averments of the petition because, as therein stated, of the reasons set forth in the second paragraph. In the second paragraph it was alleged, substantially, that the appellee, Louisa Wedekind, at the time the appellant purchased of her the lot in question represented to him that she owned, and the deed made him by her and her husband purported to convey to him, with covenant of general warranty, the fee simple title to the lot, but that she did not in fact own or convey him such title and was without power to do so. It was further alleged that whatever title she had to the lot was obtained by and under a devise in the eleventh clause of the will of C. F. Prante, by whom she had, when a girl, been adopted as a daughter, and that by the terms of the devise "she neither had nor can have the fee simple title to the property mentioned in the petition, for the reason that should her several children, now living, die prior to the death of plaintiff herein, then the testator has provided that upon her death the parcel of land hereinbefore mentioned should be sold by his executors, and has provided for the distribution of the proceeds of sale, making others than heirs at law of plaintiff herein beneficiaries."

Following the allegations contained in the foregoing excerpt from the second paragraph of the pleading referred to, it is also averred that for the reasons stated therein, the appellant is entitled, on the ground of a failure of consideration, to the cancellation of the deed by which appellee and her husband conveyed him the lot; likewise the cancellation of the notes executed by him for the property, and also the return of the money paid by him in cash on the property at the time the notes were

executed. All of which relief was asked by the prayer of the answer and counterclaim, with the reservation that if the court should adjudge that the appellee, Louisa Wedekind, took under the devise in the will of C. F. Prante the fee simple title to the lot, the appellant, in that event, would be satisfied with the deed received of appellee and her husband and pay the several notes sued on.

A copy of the deed from appellee and husband to appellant was filed with the petition and a copy of the will of C. F. Prante with the answer and counterclaim. The deed recites that the lot thereby conveyed was devised to the appellee, Louisa Wedekind, by the will of C. F. Prante. So that is an admitted fact.

The appellee filed a general demurrer to the second paragraph of the appellant's answer, following which the case was submitted in the court below upon the demurrer, other pleadings and the exhibits mentioned. By the ruling of that court the demurrer to the second paragraph of the answer and counterclaim was sustained, and the appellee awarded a recovery against the appellant for the amount of each of the notes sued on and interest, subject to a credit of $150.00 on the first; also, the enforcement of the lien asserted by her against the lot by its sale in satisfaction of the several notes and the costs of the action. From the judgment entered pursuant to these rulings, to which the appellant at the time excepted, he was granted and is now prosecuting this appeal.

It is patent from what has been said that the character of appellant's title to the lot involved in this action and that she, with her husband, conveyed the appellant, must be determined from the language and meaning of that part of the will of C. F. Prante by which it was devised her. By the tenth clause of the testator's will all his estate, real and personal, except certain specific legacies bequeathed in the preceding clauses, was devised to his wife, Louisa Prante, for life, with power to sell and convey all or any part of the real estate, except the lot in question, and reinvest the proceeds. So much of the eleventh clause of the will as is pertinent to the question of title here involved is as follows:

"After the death of my wife, I give and devise to Louisa Dorothea Vieselman (Mrs. Wedekind), who has been raised in my family and is known as Louisa D. Prante, my house and lot on the south side of Chestnut

street, between Seventeenth and Eighteenth streets, conveyed to me by one D. O. Hare by deed recorded in deed book 175, page 501, to have and to hold to her and her heirs forever; also all the household and kitchen utensils, ornaments and piano of which I may die possessed, and which may remain undisposed of at my wife's death; also two thousand dollars. Should she (Mrs Wedekind), however, die without lawful issue surviving her, then said real estate shall after my wife's death and said Louisa D. Vieselman's death be sold by my executors and I give one-half of the proceeds of sale to any husband she may leave, and the other half and if she should die without a husband surviving her then the whole of the proceeds to be divided as follows." (Here follows a disposition of the proceeds of the property to certain other persons in the contingency mentioned.) The sale and conveyance to appellant of the lot devised appellee by the above quoted clause of the will of C. F. Prante occurred after the death of testator's widow, the life tenant, and while the lot was in the possession of the appellee as remainderman.

It is a well recognized rule that the law looks with favor upon the vesting of estates and with disfavor upon indefinite failure of issue, and the cases announcing this doctrine are so numerous and uniform in tenor that a reference to and discussion of even the half of them would unduly lengthen the opinion. Indeed, so universal is the observance of the doctrine referred to in this jurisdiction that in many of the cases in which it was followed we have declared that, where it is reasonably possible so to construe the terms of a devise as to give the devisee an estate in fee simple rather than a defeasible fee, that construction will be adopted. In looking to the cases bearing on the question before us it will be unnecessary to go further back than the leading case of Harvey v. Bell, 118 Ky. 521, in the opinion of which, after commenting on a number of previous cases supporting the rule, *supra,* we in part said:

"Where an estate is devised to one for life, with remainder to another, and, if the remainderman died without children or issue, then to a third person, the rule is that the words 'dying without issue' are restricted to the death of the remainderman before the termination of the particular estate."

One of the later cases in which this question was passed on is that of Baker v. Thomas, 172 Ky. 334, wherein a testatrix devised her real estate to her husband for life with remainder to her nephew, but providing that in the event of the death of the latter without issue the land should be disposed of in the manner further directed by the will. The life tenant died survived by the nephew, who, after coming into possession of the land, sold it. The vendee refused to accept the deed tendered him on the ground that it would not convey him a fee simple title; thereupon the vendor sued to enforce the contract of sale. The vendee filed a general demurrer to the petition, in overruling which the circuit court held that the nephew, upon the death of the life tenant, took a fee simple title to the real estate under the will, which could be conveyed by the deed tendered to the vendee. Consequently judgment was entered enforcing specific performance of the contract of sale. In affirming the judgment on appeal this court, in part, said:

"We are of the opinion that the judgment of the chancellor holding that Thomas took a fee simple title was clearly right. Indeed the record presents a case so familiar to the profession as hardly to excite argument. It is the usual instance of a devise to one for life, with remainder to another, and, if the remainderman should die without children or issue, then to a third person, where the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate. If there ever was any confusion in Kentucky about this principle of law it was put at rest in the case of Harvey v. Bell, 118 Ky. 512. That rule was approved in Rueling's Admrx. v. Rueling, 137 Ky. 637; Hughes v. Covington, 152 Ky. 421; Anderson v. Herring, 154 Ky. 289; Henry v. Carr, 157 Ky. 552; White v. White's Gdn., 168 Ky. 752; Calloway v. Calloway, 171 Ky. 372, and in other cases. Simpson v. Adams, supra, relied upon by appellant, is easily distinguishable from the case at bar, since in that case there was no intervening life estate, and, consequently, no period except the death of the devisee to which the words 'dying without issue' could reasonably be referred. In cases of that character it is held, in the absence of something in the will evidencing a contrary intent, that the words 'dying without issue' create a defeasible fee which will be defeated by the death of the devisee at any time

without issue then living. In the case at bar, however, Samuel Greenwade held a life estate, thus bringing the case within the first rule laid down in Harvey v. Bell, *supra,* while Simpson v. Adams, *supra,* comes within the fourth rule announced in Harvey v. Bell, and has no application here."

The following additional cases, and others that might be mentioned, are in full accord with the authorities, *supra*; Birney v. Richardson, 5 Dana 424; Pool v. Benning, 9 B. Monroe 623; Hughes v. Hughes, 12 B. Monroe 115: Wren v. Hayne's Admrs., 2 Met. 129; Thackston v. Watson, 84 Ky. 206; Ferguson v. Thomas, 87 Ky. 510; Wilson v. Bryan, 90 Ky. 482; Pruett v. Holland, 92 Ky. 641; Cassity v. Riley, 158 Ky. 507; Jewell v. White, 166 Ky. 325; Spasey v. Close, 184 Ky. 523.

Manifestly, the instant case comes clearly within the rule announced in each of the numerous cases mentioned. The appellant's contention that the appellee, Louisa Wedekind, took under the will of C. F. Prante only a defeasible fee in the lot in question, subject to be defeated by her death at any time without children then living, is unsupported by any citation of authority, and none is furnished it by the rule of construction followed in Simpson v. Adams, which for the reasons stated in Harvey v. Bell and Baker v. Thomas, *supra,* is applicable only where there is no intervening or particular estate, or it is reasonably apparent from the language of the will that the testator meant an indefinite failure of issue. But as in this case there was a particular estate, viz.: the life estate of the testator's widow, and the appellee, Mrs. Wedekind, survived the life tenant, her estate in the lot became a title in fee simple; consequently the deed by which she and her husband conveyed it to appellant invested him with a like title. In other words, the state of case here presented is exactly of the character of the many to which we have uniformly applied the rule by which the words "dying without children" or "dying without issue" are restricted to the death of the remainderman before the termination of the particular estate.

As the rights of the parties were correctly determined by the circuit court, its judgment is affirmed.