### Ensminger, et al. v. Grimes, et al.

(Decided December 21, 1923.)

## Appeal from Mercer Circuit Court.

Wills—Remainderman Held to Take Fee-Simple Title.—Under a will devising to T., in trust for the sole and separate use of H. during her natural life, and at her death to G., free of trust, but, should G. die without issue, property to go to others, held that, on death of H. after the death of the testator, G. became owner in fee simple.

W. W. ENSMINGER for appellants.

C. E. RANKIN and E. M. HARDIN for appellees

OPINION OF THE COURT BY JUDGE MCCANDLESS—Affirming.

This suit was brought under the declaratory judgment act for a construction of the will of Lula Reed, deceased, and all persons in being who could be affected by the result are made parties.

The part to be construed is the fourth paragraph, which reads:

"I hereby bequeath to my brother Thomas M. Cardwell in trust for the sole and separate use of my sister, Sue C. Hardin, during her natural life, my dwelling house in which I now reside, on the corner of Main and Water streets in Harrodsburg, Ky., and at the death of my said sister to my niece Sophia H. Grimes free of trust. But should my said niece Sophia H. Grimes die without issue, then said house and lot shall go to my brothers and sisters, the children of my deceased brother or sister to take the share which would have belonged to the parent."

It appears that Mrs. Sue C. Hardin survived the testatrix but is now dead. The chancellor was of the opinion that the plaintiff, Sophia H. Grimes, is the owner in fee simple of the real estate described and so adjudged.

There is nothing in the will aside from the language quoted to indicate any other period to which the "dying without issue" could refer, and the case naturally falls within the familiar principle:

"Where the estate is devised to one for life with remainder to another, with the further provision that if the remainderman should die without child or issue, then to a third person, the rule is that the words 'dying without child or issue' are restricted to the death of the remainderman before the termination of the particular estate." Reuling's Extrx., etc. v. Reuling, etc., 137 Ky. 637; Harvey v. Bell, 118 Ky. 521; Rice v. Rice, 118 S. W. 270; White v. White, 168 Ky. 753; Hughes v. Covington, 152 Ky. 421; Bradshaw v. Williams, 140 Ky. 160.

It follows that upon the death of Sue C. Hardin, Sophia H. Grimes acquired a fee simple title in the lands devised.

The judgment of the chancellor so holding is affirmed.