## Wilson v. Morrill.

(Decided October 28, 1924.)

### Appeal from Graves Circuit Court.

Wills—Devisee Held to Take Fee.—Under will devising property for life, then to plaintiff "and his children forever," without the right to sell or in any way dispose of it during his life or the life of his children, and in event plaintiff "should die childless" then to another, held, that plaintiff having survived life tenant took fee and not life estate or defeasible fee, under Ky. Stats., sections 2343, 2345, 2360.

HOLIFIELD, GARDNER & McDONALD for appellant.

J. E. WARREN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

This appeal is from a judgment in a suit brought in the Graves circuit court for the specific performance of

a written contract for the purchase and sale of a tract of land, but it involves the construction of the will of J. P. Morrill, made December 2, 1910. In fact the whole litigation revolved around the proper interpretation of the testamentary paper. The principal beneficiary of the will is James L. Morrill, grandson of the testator. At the time of the making of the will he was only about nine years of age. The testator died shortly thereafter, and at the time of the commencement of this action James L. Morrill was only about twenty-two years of age and yet in college. He is a single man and has no children. The will of J. P. Morrill, which is to be construed in order to determine whether the contract for a sale of the land shall be enforced, in so far as relevant, reads:

"This certifies that I, J. P. Morrill, being of sound mind, do this December 2, 1910, make this my will; That I give my grandson, James L. Morrill, all of my home place, consisting of the land deeded to me by Eli Smith, consisting of eighty-two (82) acres, and that deeded to me by Britton Orndorf, consisting of eighty-two (82) acres, also that deeded to me by John B. Pirtle, consisting of about one hundred and seventy-two (172) acres, except forty-three (43) acres which I deeded off of it to W. H. Jewell. Also all of my personal property except $200.00 and a life insurance paid-up policy taken with the Southern Life Insurance Company at Louisville, Ky.; said $200.00 and insurance policy is to go to his mother, Alice, and her son, Edwin Gates. All of said above named property to be held and used by my wife, E. D. Morrill, during her lifetime. The above named property stated as being willed to James Lawrence Morrill is given to him and his children forever and without the right to sell or in any way dispose of it during his life or the life of his children, that is the real estate. He is also to see to our cemetery lot at Lowes, Ky., that it is kept properly cleaned off and fenced. And should he die childless the real estate shall go to the Woman's Board of Missions of the Cumberland Presbyterian Church as below described.

"I also will that said James L. Morrill shall have and hold the lot and fixtures thereon at Lowes, Graves county, Kentucky, deeded to me by Dr. J. J. Morrill and his wife, Alice Morrill, and to them by Sudia Thomas, for the benefit of Mt. Carmel congre-

gation of the Cumberland Presbyterian Church at Lowes, Ky., while they hold the doctrines of that church as laid down in our present Confession of Faith, and whenever they depart from that, the proceeds are to go to the Woman's Board of Missions of the Cumberland Presbyterian Church, as above described.

"In witness whereunto I do herewith sign my name.

"(Signed) JAMES PECK MORRILL."

The court below decided that James L. Morrill took a fee and that the contract which he made with appellant Wilson whereby he was to sell Wilson a portion of the land devised, should be enforced and Wilson required to accept the deed. Wilson appeals.

His first contention is that James Lawrence Morrill took under the will of J. P. Morrill only a life estate in the real estate devised therein, and in support of that position he cites Kentucky Statutes, section 2345; Mefford v. Dougherty, 11 Ky. Law Rep., 157; Jones v. Carlin, et al., 96 S. W. Rep. 855.

Appellant next insists that if James L. Morrill took any greater interest than a life estate such an estate was a joint estate with such children as he might have; and that estate could not be more than a defeasible fee subject to be defeated upon his death without children surviving, and he cites Harvey, et al. v. Bell, et al., 118 Ky. 512; Whalin v. Bailey, et al., 96 S. W. Rep. 1106; Rice, et al. v. Rice, 133 Ky. 406.

On the other hand, appellee, James Lawrence Morrill, insists that under the provisions of the will devising property to him for life, then to remainderman "and his children forever," and in the event the remainderman "should die childless," then to another, the provision as to the death of the remainderman relates to his death during the life of the holder of the life estate and not afterwards. He relies upon the following cases: Harvey v. Bell, 118 Ky. 512; Cassity v. Riley, 158 Ky. 507; Jewell v. White, 166 Ky. 325; White v. White's G'dn, 168 Ky. 752; Spacy v. Close, 184 Ky. 523; Bonner v. Wedekind, 193 Ky. 743; Eakins v. Eakins, 191 Ky. 61.

It is appellee's second contention that where a will devises real estate to one for life, and at her death to another "and his children forever," the words "children forever" are used in the sense of "heirs," are words of limitation and not of purchase, and constitute either an

express devise of the fee to the devisee named, upon the death of the life tenant, or undertakes to create an entailed estate in the property, which is converted into a fee in the first taker.   Therefore under a devise to Mrs. E. D. Morrill for life and at her death to James Lawrence Morrill and his children forever, James Lawrence Morrill became invested with the fee in the property upon the death of Mrs. E. D. Morrill, and he cites the following cases in support of this contention: Moran v. Dillehay, 8 Bush 434; Hood v. Dawson, 98 Ky. 285; Naville v. American Machine Co., 145 Ky. 344; Dicken v. Dicken, 151 Ky. 438; Kentucky Statutes, sections 2343 and 2360.

A careful examination of the terms of the will above copied has convinced us that appellee is right in both of his contentions.   In reaching that conclusion the learned trial judge delivered a splendid opinion which we shall follow in large part.

As will be seen, the question presented is, what estate is devised to appellee Morrill under and by the terms of the will, whether a defeasible fee subject to be defeated by the death of appellee Morrill without child or issue, a life estate merely with remainder interest in fee to his children, or unconditional fee simple title?

The words used in the will, "should he die childless the real estate shall go to the Woman's Board of Missions of the Cumberland Presbyterian Church," relate only to the death of appellee Morrill, without children prior to the termination of the life estate therein devised to the testator's widow, E. D. Morrill, and that the appellee Morrill having survived the said life tenant that the said Woman's Board of Missions of the Cumberland Presbyterian Church has and takes no interest either present or contingent in said property.   The court in arriving at this conclusion is governed by the decisions of this court in the case of Eakins, et al. v. Eakins, 191 Ky. 61; Bonner v. Wedemind, 193 Ky. 743; Anderson v. Herring, et al., 154 Ky. 289, and numerous other cases, some of which are cited in the cases referred to.

Having so determined, the next and more serious question is the effect to be given the language in said will: "the above named property stated as being willed to J. L. Morrill is given to him and his children forever and without the right to sell or in any way dispose of it during his life or the life of his children;" that is, whether under this language properly construed appellee, J. L. Morrill, takes the fee in said real estate or

whether his interest is limited to an estate for life with remainder in his children? The court is familiar with that line of cases establishing the doctrine that a devise to a son or daughter and his or her children ordinarily is construed as giving the son or daughter a life estate and his or her children the remainder in fee. But the language used in the will involved in this case differs very materially from that in cases in which this doctrine is announced. In the cases of Dicken v. Dicken, 151 Ky. 438; Naville v. American Machinery Co., 145 Ky. 344; Moran v. Dillehay, 8 Bush 434, and the very recent case of Eakins v. Eakins, 191 Ky. 61, the language used in creating the estate is almost identical with those involved here, the word "children" in each of said cases being followed by the word "forever," as in this case. In view of the rule of construction announced in the case last cited it is the opinion of the court that the language used by the testator in this case properly construed would suspend the alienation of the property indefinitely and that by operation of Kentucky Statutes, section 2343, declaring "all estates heretofore or hereafter created, which in former times would have been deemed estates entailed shall henceforth be held to be estates in fee simple," the estate or interest devised to J. L. Morrill is an unconditional fee simple title.

It, therefore, follows that appellee has power to convey the property by good merchantable title in accordance with the contract, and that he is entitled to have a specific performance of the contract entered into between him and the appellant, Wilson.

The trial court having reached this conclusion the judgment is affirmed.

Judgment affirmed.